# UNITED STATES DISTRICT COURT
## FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHE BROWN, ) | |
| ) | |
| Plaintiff ) | |
| ) | **Case No.:** |
| v. ) | |
| ) | **COMPLAINT AND DEMAND FOR** |
| RGS FINANCIAL, INC., ) | **JURY TRIAL** |
| ) | |
| Defendant ) | **(Unlawful Debt Collection Practices)** |

## COMPLAINT

CHE BROWN ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against RGS FINANCIAL, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Telephone Consumer Protection Act 47 U.S.C . § 227, *et. seq.* ("TCPA).

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. §

1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.  Defendant conducts business in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.  Plaintiff is a natural person residing in Upper Darby, Pennsylvania.

6.  Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7.  Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

8.  Defendant is a national debt collection company with its corporate headquarters located at 1700 Jay Eli Drive, Suite 200, Richardson, Texas 57081.

9.  Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. At all relevant times herein, Defendant was attempting to collect a debt and contacted Plaintiff in its attempts to collect that debt.

13. The debt at issue, a PayPal account, arose out of transactions primarily incurred for personal, family, or household purposes.

14. Beginning in or around October 2015 and continuing through June 2016, Defendant placed repeated harassing telephone calls to Plaintiff on his cellular telephone and home telephone in its attempts to collect the aforementioned debt.

15. Defendant's calls originated from the following phone number, including but not limited to: (855) 227-9292. The undersigned has confirmed that this phone number belongs to the Defendant.

16. Desiring to stop these repeated calls, Plaintiff spoke to one of Defendant's collectors in May 2016 and requested that Defendant stop calling him regarding the alleged Paypal debt.

17. Once Defendant was aware that its calls were unwanted and to stop calling, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

18. However, Defendant ignored Plaintiff's request to stop calling and continued to call Plaintiff through October 2016.

19. Defendant also threatened to pursue legal action to collect the alleged debt during calls placed in May 2016.

20. Upon information and belief, Defendant did not intend to take legal

action, but made this threat in order to coerce payment from Plaintiff.

21. During this time, when placing calls to Plaintiff's cellular telephone, Defendant used an automated telephone dialing system and/or pre-recorded voice.

22. Plaintiff knew Defendant used an automated telephone dialing system and/or pre-recorded voice because calls would begin with a pre-recorded voice before he would be transferred to a live caller.

23. Defendant's calls were not for emergency purposes, but to collect a debt.

24. In order to get the calls to stop, Plaintiff had no choice but to download a call blocking application to his cellular telephone and block Defendant's calls.

25. Finally, within five (5) days of its initial communication with Plaintiff, Defendant failed to send written correspondence to Plaintiff advising him of his rights pursuant to the FDCPA.

## COUNT I
## DEFENDANT VIOLATED §1692d and d(5) OF THE FDCPA

26. A debt collector violates § 1692d of the FDCPA by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

27. A debt collector violates § 1692d(5) of the FDCPA  by causing a telephone to ring or engaging any person in telephone conversation repeatedly or

continuously with intent to annoy, abuse, or harass any person at the called number.

28.  Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA when it placed repeated and continuous harassing telephone calls to Plaintiff and when it continued calling Plaintiff's cellular phone after being told to stop.

## COUNT II
## DEFENDANT VIOLATED §1692e, e(5) and e(10) OF THE FDCPA

29. A debt collector violates § 1692e of the FDCPA by using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

30. A debt collector violates § 1692e(5) of the FDCPA by threatening to take any action that cannot legally be taken or that is not intended to be taken.

31. A debt collector violates § 1692e(10) of the FDCPA by using false representation or deceptive means to collect or attempt to collect any debt.

32. Defendant violated §§ 1692e, 1692e(5) and 1692e(10) of the FDCPA when it threatened to both pursue legal action against Plaintiff without ever intending to pursue this course of action to collect the alleged debt.

**COUNT III**
**DEFENDANT VIOLATED §1692g OF THE FDCPA**

33.  A debt collector violates § 1692g of the FDCPA by failing after five (5) days of its initial communication with Plaintiff, to notify him of his rights to dispute the debt and/or to request verification of the debt, as well as, providing him with the amount of the debt and the name of the original creditor.

34.  Defendant violated § 1692g(a) of the FDCPA when it failed to send written notification, within five (5) days after tis initial communication with Plaintiff, advising him of his rights pursuant to the FDCPA.

**COUNT IV**
**DEFENDANT VIOLATED THE TCPA**

35.  Plaintiff incorporates the forgoing paragraphs as though the samewere set forth at length herein.

36. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone number.

37. Defendant's initiated these automated calls to Plaintiff using an automatic telephone dialing system.

38. Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

6

39. Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation.

40. Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual  monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

41. Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

42. Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone.

43. Defendant's calls to Plaintiff's cellular telephone after he revoked consent were not made with Plaintiff's prior express consent.

44. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

45. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

46. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CHE BROWN, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1) and 47 U.S.C. §227(b)(3)(A);

b. Statutory damages of $1,000.00 for each Plaintiff for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

d. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

e. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

f. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

g.  Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

h.  Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, CHE BROWN, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,


Date:  October 25, 2016           /s/ Amy L. Bennecoff Ginsburg
                                  Amy L. Bennecoff Ginsburg, Esq.
                                  Kimmel & Silverman, P.C.
                                  30 East Butler Pike
                                  Ambler, PA 19002
                                  Phone: (215) 540-8888
                                  Facsimile: (877) 788-2864
                                  Email: aginsburg@creditlaw.com

PLAINTIFF'S COMPLAINT